**In the United States District Court**
**For the Southern District of Texas**
**Houston Division**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | |
| § | Criminal No. H-12-691-2 |
| § | |
| DAVID MORSE BARRY § | |

**DEFENDANT'S FIRST MOTION IN LIMINE TO EXCLUDE**
**EXPERT TESTIMONY OF SPECIAL AGENT JEFFERY CHAPPELL**

TO THE HONORABLE JUDGE OF SAID COURT:

The Defendant, David Morse Barry, by and through his attorney of record, Robert T. Jarvis, moves to exclude or limit the expert testimony of Special Agent Jeffery Chappell. With respect to any testimony of Special Agent Chappell that the subject photographs are lascivious exhibitions, his testimony does not constitute admissible expert testimony under Rule 702 of the Federal Rules of Evidence and would not be helpful to the jury. Special Agent Chappell's testimony is nothing more than the Government's opinion of the applicable law, which is exclusively the province of the court.

In this case, Defendant, David Morse Barry, is charged with two counts of conspiracy to produce child pornography in violation of Title 18, U.S.C. § 2251(a) & (e) and two counts of production of child pornography by parent/guardian in violation of Title 18, U.S.C. § 2251(b) & (e).

Based on information and belief, the Defendant expects that the Government will call Special Agent Chappell to give expert testimony as to the *Dost* factors to determine whether the

1

photographs in question constitute lascivious exhibitions of a minor's genital or pubic area[1]. That determination is made based on the overall content of the visual depiction, taking into account the age of the minor and other factors. Defendant contends that Special Agent Chappell does not process the necessary qualifications to give testimony as to whether the subject photographs are lascivious exhibitions. Special Agent Chappell opinions as to the issue of whether the photographs are lascivious exhibitions will not be helpful to the jury and is not admissible as expert testimony under Fed. R. Evid. 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or date, (2) this testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods to the facts in this case.

None of the fifty (50) or so pictures the government is relying on is known child pornography. These are simply pictures of naked men and boys. Special Agent Chappell does not have any "reliable principles and methods" to determine if naked pictures are child pornography. It is just one man's opinion and it is not based on any science or the application of reliable principles and methods. In fact, at an earlier jury trial where the vast majority of the United State Government's pictures were admitted into evidence, the Wichita Falls police officer who, along with several federal agents executed a search warrant at Defendant's house, was asked by Defendant's attorney, the children's attorney ad litem (Mr. Hale) and the special CPS attorney (Ms. Rush) whether or not those pictures were child pornography. The officer answered every

---

[1] The *Dost* factors are used by the court to determine whether a visual depiction of a minor constitutes a lascivious exhibition of the genitals or pubic area has been adopted by the Fifth Circuit. See *U.S. v. Dost*, 636 F. Supp. 828 (S.D. Cal 1986).

2

attorney by saying none of the pictures were child pornography. In fact, he told the Defendant's attorney and Ms. Rush that the pictures do not constitute child pornography under federal law. Additionally it was the official position of CPS, as sworn to by Kimberly Gustafson, that there was not any child pornography on Defendant's computers. (See attachments).

"It is black-letter law that –it is not for witnesses to instruct the jury as to applicable principles of law, but for the judge.'" *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) (general rule prohibiting expert legal testimony). The interpretation of statutes and regulations, and instructions to the jury, are necessarily the province of the Court and are not the proper subject of expert or lay opinion testimony. None of the limited exceptions noted in the *Nieves-Villanueva* decision are applicable here. Therefore any expert testimony offered by Special Agent Chappell concerning whether the photographs at issue constitute lascivious exhibitions invites the jury to disregard the court's instructions, is likely to lead to confusion of the issues, and is forbidden by the *Nieves-Villanueva* decisions. For the same reasons, Special Agent Chappell's opinions are inadmissible as lay opinions under Fed. R. Evid 701.

Accordingly, any expert or lay opinions by Special Agent Chappell as to whether the subject photographs are lascivious exhibitions should be excluded at trial.

                        Respectfully submitted,

                        /S/
                        _____
                        Robert T. Jarvis
                        State Bar No. 10586500
                        123 W. Houston
                        Sherman, Texas 75090
                        Tel: (903) 892-8500

Fax: (903) 892-8550
bobjarvislawfirm@aol.com

ATTORNEY FOR DAVID MORSE BARRY

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, this is to certify that on the 4th day of November, 2013, a true and correct copy of the foregoing Motion was filed electronically and through that system, all parties, by and through their respective attorneys, including Sherri Zack, the Assistant United States Attorney handling this case, have had this Motion forwarded to them.

/S/

_____
Robert T. Jarvis

## CERTIFICATE OF CONFERENCE

I certify that on November 1, 2013, I contacted counsel for the United States, Sherri Zack, and she is opposed to the granting of the foregoing motion.

/S/

_____
Robert T. Jarvis

4