# Attachment A

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 8 2011

CLERK, U.S. DISTRICT COURT
by _____

AO 106 (Rev. 5/85) Affidavit for Search Warrant

# United States District Court

## NORTHERN DISTRICT OF TEXAS
### Fort Worth Division

In the Matter of the Search of

| | | |
|---|---|---|
| **408 West Rogers Drive**<br>**Wichita Falls, Texas 76309** | §<br>§<br>§<br>§ | APPLICATION AND AFFIDAVIT<br>FOR SEARCH WARRANT<br><br>CASE NUMBER: 4:10-MJ- 019 |

I, _____ Bradley Hudson, being duly sworn, depose and say:

I am a _____ Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI), and

Official Title

have reason to believe that on the property known as

**See Attachment A.**

in the _____ Northern _____ District of _____ Texas _____

there is now concealed a certain property, namely

**See Attachment B.**

Which is property constituting evidence of the commission of a criminal offense and property which is designed or intended for use as the means for committing a criminal offense in violation of
_____ Title 18, _____ United States Code, _____ Sections 2252 and 2252A _____

The facts to support a finding of Probable Cause and the issuance of a Search Warrant are as follows:

I, _____ Bradley Hudson, being duly sworn, depose and say:

1. I am currently a Special Agent with the Department of Homeland Security,

Homeland Security Investigations (HSI), assigned to the Office of the Special Agent in

**Search Warrant Affidavit - Page 1**

Charge, Dallas, Texas. Prior to being employed with HSI, I was employed with the United States Customs Service as a special agent from 1998 through 2002. From 2002 until May of 2006, I was employed with the Federal Air Marshal Service as an Air Marshal. As part of my duties as an ICE agent, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252 and 2252A. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review thousands of examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. I have been involved in over a hundred child pornography investigations and am very familiar with the tactics used by child pornography offenders who collect and distribute child pornography.

2.      This affidavit sets forth facts, and suggests reasonable inferences from those facts, establishing that there is probable cause to believe that:

a.      Evidence of violations of 18 U.S.C. §§ 2252 and 2252A (interstate transportation and possession, receipt and distribution of child pornography);

b.      Contraband consisting of images and data that constitute child pornography and obscenity; and

c.      Text files describing the nature of, and activities associated with, these contraband materials, will be located on the premises located at 408 West Rogers Drive, Wichita Falls, Texas 76309, within the Northern District of Texas.

Search Warrant Affidavit - Page 2

## OVERVIEW AND PURPOSE OF AFFIDAVIT

3.      This affidavit is submitted in support of an application for a warrant to search

the residence of 408 West Rogers Drive, Wichita Falls, 76309 Texas (SUBJECT PREMISES),

more particularly described in Attachment A (which is incorporated by reference), and to

seize evidence and instrumentalities as specified in Attachment B (which is incorporated

herein by reference), related to the possible violations of 18 U.S.C. §§2252 and 2252A.

The search is to include all rooms, attics, basements, and all other parts therein, and

surrounding grounds to include vehicles, garages, storage rooms, or outbuildings of any

kind, attached or unattached, located on the premises related to the SUBJECT PREMISES.

4.      Because the purpose of this affidavit is to establish probable cause, not every

relevant fact known to me, or to other investigators, is included herein.  Rather, only those

facts necessary to establish probable cause will be discussed.  This affidavit is derived

both from my personal knowledge and information provided to me by other law

enforcement agents.

## RELEVANT STATUTES

5.      For purposes of this affidavit, the term, "child pornography," is defined as

any visual depiction, including any photograph, film, video, picture, or computer or

computer-generated image or picture, whether made or produced by electronic,

mechanical, or other means, of sexually explicit conduct, where the production of such

visual depiction involves the use of a minor and/or such visual depiction has been created,

adapted, or modified to appear that an identifiable minor is engaging in sexually explicit

Search Warrant Affidavit - Page 3

conduct; or such visual depiction is advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct.

6.     For purposes of this affidavit, the term, "minor," is defined in Title 18 U.S.C. §2256(1), as "any person under the age of eighteen years."

7.     For purposes of this affidavit, the term, "Internet Service Provider" (ISP), is defined as a business that provides access to the Internet. America Online, (AOL), Microsoft, (MSN), and EarthLink, are some of the larger and better-known ISPs. ISPs provide their customers with access to the Internet using telephone, cable, Digital Subscriber, ("DSL"), or other types of telecommunications lines.

## BACKGROUND REGARDING COMPUTERS AND CHILD PORNOGRAPHY

8.     Computers and computer technology have revolutionized the way in which individuals interested in child pornography interact with each other. Child pornography formerly was produced using cameras and film (either still photography or movies), and to distribute these on any scale required significant resources.

9.     The development of computers and the Internet has changed how child pornography is created, transferred and possessed. Computers basically serve four functions in connection with child pornography: production, communication, distribution, and storage.

10.    Collectors of child pornography can now transfer photographs from a camera onto a computer-readable format with a device known as a scanner. With the

advent of digital cameras, the images can now be transferred directly onto a computer. A device known as a modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection. Electronic contact can be made to literally millions of computers around the world.

11.     Electronic contact to the internet is facilitated through Internet Service Providers. Contact with others online can be either open and anonymous such as in a "chat room," or private and personal, in the form of person-to-person instant messages. This type of communication method is convenient for persons who wish to view child pornography. The open and anonymous communication allows the user to locate others of similar inclination and still maintain anonymity. Once contact is established, it is then possible to send text messages and graphic images to a trusted person. The computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography. The size of the electronic storage media (commonly referred to as the hard drive) used in home computers has grown tremendously within the last several years. These drives can store thousands of images at very high resolution.

12.     Collectors and distributors of child pornography can also use online resources to retrieve and store child pornography, including services offered by internet portals such as Yahoo! and Hotmail, among others. The online services allow a user to set up an account with a remote computing service that provides e-mail services as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer with access to the internet. Evidence of such online

Search Warrant Affidavit - Page 5

storage of child pornography is often found on the user's computer; even in cases where online storage is used, in most cases, evidence of child pornography can be found on the user's computer.

13.     With Internet access, a computer user can transport an image file from the Internet or from another user's computer to his own computer, so that the image file is stored in his computer. The process of transporting an image file to one's own computer is called "downloading". The user can then display the image file on his computer screen, and can choose to "save" the image on his computer and or print out a hard copy of the image by using a printer device (such as a laserjet or inkjet).

14.     Importantly, computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a hard drive, deleted, or viewed via the Internet. Electronic files downloaded to a hard drive can be stored for years at little to no cost. Even when such files have been deleted, they may be recoverable months or years later using readily-available forensic tools. When a person "deletes" a file on a home computer, the data contained in the file does not actually disappear; rather, that data remains on the hard drive until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space – that is, in space on the hard drive that is not allocated to an active file or that is unused after a file has been allocated to a set block of storage space – for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file. Similarly, files that have been viewed via the Internet

are automatically downloaded into a temporary Internet directory or cache. The browser typically maintains a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages. Thus, the ability to retrieve residue of an electronic file from a hard drive depends less on when the file was downloaded or viewed than on a particular user's operating system, storage capacity, and computer habits.

## BACKGROUND OF INVESTIGATION

15.   On December 23, 2010, your affiant received an investigative lead from Interpol in London, England. This investigative lead contained chat logs that had been recovered between Timothy WHITTINGTON and Robert HATHAWAY during the forensic examination of HATHAWAY's computer.

16.   Your affiant reviewed the contents of the chats between WHITTINGTON and HATHAWAY. The chats disclosed that WHITTINGTON and HATHAWAY had discussed child pornographic images being transferred via the Internet as well as .nversations regarding the sexual abuse of minors to include their own children.

17.   Based on this information, on December 27, 2010, a federal search warrant was executed at the WHITTINGTON residence in Euless, Texas. As a result, WHITTINGTON was arrested for offense of Production of Child Pornography, in violation of 18 U.S.C. § 2251.

18.     During the execution of the search warrant, WHITINGTON identified other like minded individuals interested in child exploitation, including the subject of this search warrant, David Morse BARRY, 408 West Rogers Drive, Wichita Falls, Texas 76309.

19.     WHITINGTON stated that he met BARRY on a nudist website called "truenudist." After meeting on "truenudist", BARRY introduced WHITINGTON to another individual named "Craig NOONAN" who resides in Houston, Texas. WHITINGTON stated that while NOONAN and he became very good friends, their relationship was never as close as the relationship between NOONAN and BARRY.

20.     In October 2010, NOONAN planned to visit WHITINGTON and his minor son, in Euless, Texas. While traveling, NOONAN contacted WHITINGTON and asked for permission for BARRY and his two sons, approximate ages 5-7, to accompany them to WHITINGTON's apartment. WHITINGTON stated that he granted permission and everyone arrived at his residence in Euless, Texas. After everyone arrived, WHITINGTON stated that everyone was nude including the three minor boys.

21.     WHITINGTON stated that the three minor boys played video games in his minor son's room. After a short period of time, the three minor boys began to wrestle, and since he was the only one with a camera, he began to take photographs of the minor boys in different poses like wrestling, sitting on the couch together nude, or by themselves. WHITINGTON advised he provided the image files to both NOONAN and BARRY after their visit. WHITINGTON further stated that BARRY gave his permission for his minor sons to be photographed prior to the images being taken.

Search Warrant Affidavit - Page 8

22.     WHITINGTON stated that he and BARRY had previously video chatted online with their minor sons.  During the video online chats WHITINGTON stated that everyone was nude on multiple occasions.  WHITINGTON verified for agents that there was an image on his encrypted USB drive that had been seized from him during the execution of the search warrant that contained a white adult male with BARRY'S two nude minor males.  WHITINGTON stated that BARRY allowed his two nude sons to participate in the production of the images.

23.     When asked for additional information on BARRY, WHITINGTON said the two children were of Hispanic heritage and had been adopted possibly in the United States or abroad.  WHITINGTON said that BARRY was not married, and rented his residence.  WHITINGTON stated that BARRY was working on his post-graduate degree and sometimes worked as a substitute teacher in Wichita Falls, Texas.  WHITINGTON provided your affiant with the e-mail address wfglassman@hotmail.com as BARRY's e-mail address that he had logged onto Yahoo! share, and received the nude images of the children.

24.     On January 13, 2011, an administrative summons was issued to Microsoft for account information related to wfglassman@hotmail.com.  Microsoft responded to the summons by providing the following information:

Login:          wfglassman@hotmail.com
First Name:     David
Last Name:      Barry
State:          TX
Zip:            76309
Country:        US

**Search Warrant Affidavit - Page 9**

Timezone:          America/Chicago
Registered from IP: 205.229.240.239
Date Registered:    12/24/1999 1:28:42 PM

In addition, Microsoft provided the IP address information for the period March 2010 through January 2011 to include the following IP addresses:

| Date | IP |
|------|-----|
| 01/10/2011 | 64.219.232.210 |
| 01/11/2011 | 75.23.212.114 |
| 01/12/2011 | 68.90.123.170 |
| 01/13/2011 | 65.71.237.165 |

25.     Using the IP information, an administrative summons was issued to ATT Internet Services for the account information assigned the previously mentioned IP addresses for account "wfglassman@hotmail.com." On January 20, 2011, ATT responded to the summons identifying the account of Mark Peterson, 408 West Rogers Drive, Wichita Falls, Texas 76309 (SUBJECT PREMISES). Through an online investigation, affiant determined that "Mark Peterson" owns the property located at the SUBJECT PREMISES. BARRY rents the home at 408 West Rogers Drive, Wichita Falls, Texas 76309.

26.     On January 20, 2011, your affiant provided a Texas's Driver's license photograph to WHITINGTON. WHITINGTON positively identified the photographs as being "David BARRY". BARRY listed an address of 408 West Rogers Drive, Wichita Falls, Texas 76309 (SUBJECT PREMISES) on his driver's license.

27.     On January 21, 2011, Wichita Falls Police Department (WFPD) verified that BARRY was the father and custodian of two minor males. According to WFPD,

**Search Warrant Affidavit - Page 10**

BARRY's two sons have a birth years of 2004 and 2003.

28.     On same date, Special Agent Steve Lewis conducted surveillance on the SUBJECT PREMISES. During the surveillance, SA Lewis made contact with BARRY at the SUBJECT PREMISES and observed a white male that matched the description of BARRY.

29.     On same date, Computer Forensic Agent Patrick McGaha provided your affiant with images that had been located on WHITINGTON's USB drive. One of the images provided by CFA McGaha was the image previously described in paragraph twenty-two (22) of this affidavit. This image depicts two nude minor children sitting on the neck and lap area of a nude white male. WHITINGTON identified the nude white male as NOONAN. In addition, CFA McGaha provided an additional image depicting three nude minor children sitting on a couch. In the image, all three of the children's genitalia are exposed, and the subject of this search warrant, BARRY, can be seen at the edge of the couch. BARRY is not wearing any clothing in the image.

## CONCLUSION

30.     Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence; contraband, fruits of a crimes, and instrumentalities of such criminal offenses are presently located on the premises of 408 West Rogers Drive, Wichita Falls, Texas 76309 (SUBJECT PREMISES), within the Northern District of Texas and further described in Attachment A, in violation of 18 U.S.C. Sections 2251, 2252 and 2252A, to wit; BARRY has allowed images of sexually explicit conduct to

Search Warrant Affidavit - Page 11

be created using minors within his custody and control. Rule 41 of the Federal Rules of Criminal Procedure authorizes the government to seize and retain evidence and instrumentalities of a crime for a reasonable time, and to examine, analyze, and test them.

31.     I, therefore, respectfully request that a search warrant be issued, authorizing me, as a Special Agent of the Department of Homeland Security, Homeland Security Investigations, with appropriate assistance from other law enforcement officers, to enter the premises at 408 West Rogers Drive, Wichita Falls, Texas 76309 (SUBJECT PREMISES), and therein search for and seize the items as set forth in Attachment B.

Bradley Hudson, Special Agent
Department of Homeland Security
Homeland Security Investigations

Subscribed and sworn
before me this  28th of January 2011, at  1:27  a.m./p.m.

HONORABLE JEFFREY L. CURETON
United States Magistrate Court Judge

**Search Warrant Affidavit - Page 12**

## ATTACHMENT A
## DESCRIPTION OF THE PREMISES TO BE SEARCHED

The SUBJECT PREMISES to be searched is located at 408 West Rogers Drive, Wichita Falls, Texas 76039 within the Northern District of Texas. This is a single story residence with the house numbers "408" affixed to the residence in black lettering to the left of the carport.  The residence is grey in color with white trim, and a wooden and chain link security fence running behind the property.





Search Warrant Affidavit - Page 15

## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEARCHED FOR AND SEIZED

A.    Images of child pornography and files containing images of child

pornography in any form wherever it may be stored or found including, but not limited

to:

I.    any computer, computer system and related peripherals; tapes,

cassettes, cartridges, streaming tape, commercial software and hardware, computer

disks, disk drives, monitors, computer printers, modems, tape drives, disk application

programs, data disks, system disk operating systems, magnetic media floppy disks,

hardware and software operating manuals, tape systems and hard drive and other

computer related operation equipment, digital cameras, cellular telephones, scanners,

computer photographs, Graphic Interchange formats and/or photographs, undeveloped

photographic film, slides, and other visual depictions of such Graphic Interchange

formats (including, but not limited to, JPG, GIF, TIF, AVI, and MPEG), and any

electronic data storage devices including, but not limited to hardware, software,

diskettes, backup tapes, CD-ROMS, DVD, Flash memory devices, and other storage

mediums; any input/output peripheral devices, including but not limited to passwords,

data security devices and related documentation, and any hardware/software manuals

related to or used to: visually depict child pornography; contain information pertaining

to the interest in child pornography; and/or distribute, receive, or possess child

**Search Warrant Affidavit - Page 16**

pornography, or information pertaining to an interest in child pornography, or information pertaining to an interest in child pornography;

II.      Books and magazines containing visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

III.     Originals, copies, and negatives of visual depictions of minors engaged in   sexually explicit conduct, as defined in 18 U.S.C. § 2256; and

IV.     Motion pictures, films, videos, and other recordings of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

B.      Information or correspondence pertaining to the possession, receipt or distribution of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256, that were transmitted or received using computer, some other facility or means of interstate or foreign commerce, common carrier, or the U.S. mail including, but not limited to:

I.       envelopes, letters, and other correspondence including, but not limited to, electronic mail, chat logs, and electronic messages, establishing possession, access to, or transmission through interstate or foreign commerce, including by United States mail or by computer, of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; and

II.      Books, ledgers, and records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions of any kind

**Search Warrant Affidavit - Page 17**

involving the transmission through interstate or foreign commerce including by United States mail or by computer of any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

   C.  Credit card information including but not limited to bills and payment records;

   D.  Records evidencing occupancy or ownership of the premises described above, including, but not limited to, utility and telephone bills, mail envelopes, or addressed correspondence; and

   E.  Records or other items which evidence ownership or use of computer equipment found in the above residence, including, but not limited to, sales receipts, bills for Internet access, and handwritten notes.