UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| V. | § | CRIMINAL NO. H-12-691S |
| | § | |
| **DAVID MORSE BARRY** | § | |

### GOVERNMENT'S OBJECTIONS TO DEFENSE EXHIBITS AND REQUEST FOR ADDITIONAL INFORMATION ON DEFENSE WITNESSES

COMES NOW, the United States of America, by and through Kenneth Magidson, United States Attorney, and Sherri L. Zack, Assistant United States Attorney, for the Southern District of Texas, and files the Government's Objections to Defense Exhibits and would state as follows:

1. On March 10, Defendant, David Morse Barry, filed an Exhibit list in the above captioned matter.

2. The trial in this matter is scheduled for April 17, 2014 before the Honorable Lee Rosenthal.

3. There are (13) thirteen items listed as defense exhibits.

4. The United States has no objections to defense exhibit numbers 6, 10, 11, 12, 13.

5. The United States objects to defense exhibit numbers 1, 2, 3, 4, 5, 7, 8, and 9.

6. None of the government's objections are based on authenticity.

7. Defense Exhibit 1 is listed as a poster of the *Dost* Factors and is not relevant under Federal Rule of Evidence (FRE) 401. While these factors are going to be part of the jury instructions they are not evidence and this item should be properly described as a

demonstrative aid. The United States has no objection to the use of the poster as a demonstrative aid but objects to it being admitted as evidence and/or being sent back to the jury room during deliberations in this matter. The Fifth Circuit Pattern Jury Instructions (2012) address summaries and charts not received in evidence. Since this exhibit is not evidence, the United States would ask that the Court deny its admission. See *United States v. Harms*, 442 F.3d 367, 375 (5th Cir. 2006); *United States v. Ogba*, 526 F.3d 214, 225 (5th Cir. 2008); *United States v. Ollison*, 555 F.3d 152, 161 (5th Cir. 2009).

8. The United States objects to the admission of Defense Exhibit 2, Video of David Barry Interview by Jason Jones. The Defendant's statement is hearsay under FRE 801 and inadmissible. This is a self-serving statement that the defense is attempting to admit in violation of FRE 802 and the confrontation clause of the United States Constitution. See *Crawford v. Washington*, 124 S.Ct. 1354 (2004). Additionally, the statement made by the Defendant discusses information about the Co-defendant's status as a sex offender, information Barry moved to exclude and the United States conceded was not admissible against Barry. Nothing demonstrates the self-serving nature of this statement better than Barry's assertion that he had no knowledge of Noonan's sex offender status.

9. The United States objects to the admission of Defense Exhibit 3, the Kell West Regional medical records for O.B. These records are irrelevant to whether or not Barry committed the crimes charged in the indictment under FRE 401 and are hearsay under FRE 801 and inadmissible under FRE 802. These records document the circumcision of O.B. This medical procedure is not relevant to the crimes charged. Whether O.B. was circumcised

or not has no relevance to whether Barry conspired to produce and/or produced child pornography of O.B.. It appears that this evidence may be put forward to negate a claim under FRE 414 of similar crimes in child molestation cases. At best, this attempt to admit is premature as the United States has not filed any notice under 414. At worst, it is a blatant attempt to show good parenting and inadmissibly bolster the character of Barry under FRE 404(a). Providing medical treatment to a victim is not a defense to the crimes charged and this evidence would not help to prove or disprove any material facts at issue.

10. The United States objects to the admissibility of Defense Exhibits 4 and 5, the forensic videos taken of O.B. and R.B. when they were originally removed from the Barry residence in 2011. These statements are hearsay pursuant to FRE 801, inadmissible pursuant to FRE 802, and violate the Confrontation Clause of the United States Constitution. See *Crawford v. Washington*, 124 S.Ct. 1354 (2004).

11. The United States objects to Defense Exhibit 10, the counseling records of Julie Porter. These records are hearsay pursuant to FRE 801, inadmissible pursuant to 802, and irrelevant under FRE 401. The mental health of the children is not at issue in this case and it does not tend to prove or disprove any of the material facts at issue.

12. The United States is requesting the dates of birth of the defense witnesses as well as their cities of residence as the United States is entitled to investigate who these individuals are and whether or not they have criminal history.

WHEREFORE, for the aforementioned reasons, the United States respectfully requests this Court exclude Defense Exhibits 1,2,3,4,5,7,8, and 9 and require the defense provide

dates of birth and cities of residence for all defense witnesses.

                              Respectfully submitted,

                              KENNETH MAGIDSON
                              United States Attorney

                              <u>/s/ Sherri L. Zack</u>
                              Sherri L. Zack
                              Assistant U.S. Attorney
                              713-567-9374

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Government's Objections to Defense Exhibits and Request for Additional Information on Defense Witnesses was made available via ECF to the Defendant's attorney on this the <u>1st</u> day of April, 2014.

<u>/s/ Sherri L. Zack</u>
Sherri L. Zack
Assistant United States Attorney

Robert T. Jarvis
123 West Houston
Sherman, Texas 75090